2013 WL 5375983
Only the Westlaw citation is currently available.
United States District Court,
N.D. West Virginia.

CSX TRANSPORTATION, INC., Plaintiff,
v.
Robert N. PEIRCE, Jr., Louis A. Raimond,
and Ray Harron, M.D., Defendants.

Civil Action No. 5:05CV202.
|
Sept. 25, 2013.

**Attorneys and Law Firms**

[Dan Himmelfarb](), [Joanne M. Savage](), [Reginald R. Goeke](), Mayer Brown, LLP, Washington, DC, [Lindsey L. Hargrove](), [Ronald G. Franklin](), McGuirewoods LLP, Houston, TX, [Marc E. Williams](), Nelson Mullins Riley & Scarborough LLP, Huntington, WV, [Mitchell K. Morris](), [Samuel L. Tarry, Jr.](), McGuire Woods, LLP, Richmond, VA, [Robert L. Massie](), Huddleston Bolen LLP, Huntington, WV, for Plaintiff.

[John E. Gompers](), Gompers, McCarthy & McClure, Wheeling, WV, [Stanley W. Greenfield](), Greenfield & Kraut, [David J. Berardinelli](), [Walter P. DeForest](), Deforest, Koscelnik, Yokitis, Kaplan & Berardinelli, Pittsburgh, PA, [Robert H. Miller, II](), Schuda & Associates, PLLC, Charleston, WV, [Jerald E. Jones](), West & Jones, Clarksburg, WV, [Ron Barroso](), Corpus Christi, TX, for Defendants.

*MEMORANDUM OPINION AND ORDER STAYING SUA SPONTE MOTION FOR ATTORNEYS' FEES AND RULING ON BILL OF COSTS*

[FREDERICK P. STAMP, JR.](), District Judge.

### I. *Background*

***1** On December 20, 2012, a jury rendered a verdict in favor of the plaintiff, CSX Transportation, Inc. ("CSX"), finding that the above-named defendants' conduct violated the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), [18 U.S.C. § 1961, et seq.]() Further, the jury found that Robert N. Peirce, Jr. and Louis A. Raimond (collectively the "lawyer defendants") were liable to CSX for fraud, and had participated in a conspiracy to commit fraud with defendant Ray Harron, M.D. ("Harron"). The jury, however, did not find that CSX was liable for fraud based on its representations made during this litigation, as was alleged in the defendants' counterclaims. The jury awarded CSX $429,240.47 in relation to the RICO violations, but did not award CSX any monetary relief in relation to the fraud claims. This Court then entered a judgment in favor of CSX as to these verdicts and ordered that CSX also recover any post-judgment interest in accordance with [28 U.S.C. § 1961](). By memorandum of opinion, this judgment has been amended to reflect the trebling of damages under RICO. *See* ECF No. 1635.

Thereafter, the parties filed various post-judgment motions. At issue are CSX's motion for attorneys' fees and litigation expenses and CSX's bill of costs. First, in relation to its motion for attorneys' fees and litigation expenses, CSX seeks $9,751,838.00 in attorneys' fees and $923,094.00 in litigation expenses. In support of this motion and its submitted fees and expenses, CSX argues that: (1) CSX obtained complete success; (2) the case required substantial time and labor and involved novel and complex issues; (3) the case required a high level of skill; (4) the fees are customary for like work; and (5) there have been similar awards in other cases.

The lawyer defendants responded by arguing that: (1) Wheeling, West Virginia is the relevant market for determining a reasonable hourly rate for attorneys' fees; (2) fees and expenses related to the counterclaims are not recoverable; (3) CSX's staffing and litigation spending is excessive; (4) awarding CSX a fee award of $10. 6 million based on a judgment of $95, 000. 00 or even $429, 000.00 is unreasonable and effectively punitive; and (5) CSX cannot recover expert and consultant fees. Defendant Harron responded by stating that he endorsed and adopted the lawyer defendants' arguments. CSX filed a reply wherein it contested the lawyer defendants' arguments in opposition to its motion for attorneys' fees and litigation expenses.

Thereafter, CSX filed a supplement to its motion for attorneys' fees and litigation expenses. In this supplement, CSX requests an additional $268,323.00 in attorneys' fees. CSX states that this amount reflects the time spent preparing its fee petition, bill of costs, motion to amend or correct judgment, and also for its time

spent responding to the defendants' post-trial motions. The lawyer defendants responded by arguing that CSX has been overstaffing, duplicating resources, and using improper outof-market rates. The lawyer defendants also incorporate their arguments from their initial response in opposition to the original motion for attorneys' fee and litigation expenses. CSX filed a reply contesting the lawyer defendants' arguments in opposition.

**\*2** In addition to its motion for attorneys' fees and litigation expenses, CSX also filed a bill of costs. In its bill of costs, CSX seeks $578,297.31 for various costs it incurred during the litigation. The lawyer defendants filed objections to the bill of costs and argued that the costs be reduced by at least $524,199.24. In support of this reduction, the lawyer defendants argue that: (1) CSX should not be able to recover transcript-related costs exceeding transcripts necessarily obtained for use in the case; (2) CSX should not be able to recover costs of exemplification where the costs were incurred for convenience; (3) CSX should not be able to recover pro hac vice fees; (4) CSX should not be able to recover fees charged by private process servers; and (5) CSX should not be able to recover travel and subsistence costs sought for an expert witness. Defendant Harron also objected and stated that he endorsed and adopted the objections made by the lawyer defendants.

CSX responded to the lawyer defendants' objections by arguing that: (1) CSX properly supported its bill of costs; (2) CSX's transcript-related costs are properly taxable; (3) CSX's exemplification costs are properly taxable; (4) CSX's private process server costs are properly taxable; and (5) CSX's expert travel expenses are properly taxable. CSX, however, did agree to withdraw its pro hac vice costs of $1,150.00.

CSX then filed a notice of supplemental authority in support of its bill of costs. In this notice of supplemental authority, CSX states that at the time it filed its bill of costs, the United States Court of Appeals for the Fourth Circuit had not yet directly addressed whether costs for creating electronic copies of hard copy documents by scanning were taxable under 28 U.S.C. § 1920(4). On April 29, 2013, however, CSX indicates that the Fourth Circuit did address this subject and found that the scanning of hard copy documents and conversion of the files to TIFF format involved "copying" within the meaning of § 1920(4). *See* ECF No. 1630 (citing *Country Vintner of North Carolina, LLC v. E & J Gallo Winery, Inc.,* 718 F.3d 249, 261 (4th Cir.2013)). Therefore, CSX argues that such costs, which it included in its bill of costs, are proper based on this authority. CSX also indicates that in this same case, the Fourth Circuit held that costs for optical character recognition are generally not taxable under § 1920. Therefore, CSX seeks to withdraw the costs it included for optical character recognition, which constituted $65,863.39, from its bill of costs and supplement such costs in its motion for attorneys' fees and litigation expenses.

The lawyer defendants responded to the notice of supplemental authority arguing that *Country Vintner* did not address the issue of awarding costs for scanning paper documents for production. They argue that it was not an issue in the case and was not directly addressed by the Fourth Circuit. The lawyer defendants then argue that CSX's attempt to now include the costs for optical character recognition in its motion for attorneys' fees and litigation expenses is untimely and improper. CSX then filed a reply stating that, while the lawyer defendants are entitled to disagree with CSX's interpretation of the new case law, their arguments concerning CSX's motives are unfounded.

**\*3** For the reasons set forth below, this Court will hold CSX's motion for attorneys' fees and litigation expenses and CSX's bill of costs in abeyance and stay such motion until exhaustion of any appeal in this case to the United States Court of Appeals for the Fourth Circuit or other final resolution of this civil action.

II. *Discussion*

District courts possess inherent power to stay litigation proceedings. *See Landis v. N. Am. Co.,* 299 U.S. 248, 254–55 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *see also Clinton v. Jones,* 520 U.S. 681, 706, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). This power may be exercised *sua sponte. Crown Cent. Petroleum Corp. v. Dept. of Energy,* 102 F.R.D. 95, 98 (D.Md.1984) (citing *Landis,* 299 U.S. at 254–55); *see Rice v. Astrue,* No. 4:06–CV–02770–GRA,

2010 WL 3607474 at *2 (D.S.C. Sept. 9, 2010) ("Although there has been no request to hold the instant motion in abeyance, a federal court has the inherent power to stay, *sua sponte,* an action before it.").

In the interest of judicial economy, this Court finds that holding CSX's motion for attorneys' fees and litigation expenses and bill of costs in abeyance pending the resolution of any appeal of the underlying jury verdict or other resolution of this civil action is the proper course of action at this time. CSX is seeking a significant award in both its motion for attorneys' fees and litigation expenses and in its bill of costs. An examination of all the supporting documentation that the parties provided in relation to the motion and bill of costs, together with an examination of the legal issues involved in the briefing of the motion and bill of costs, will require a great amount of time and an analysis of numerous factual and legal issues. If any appeal of the jury verdict and amended judgment is successful, such time and effort expended ruling on these matters will be a misuse of this Court's resources as at the very least such rulings will need altered. As such, this Court finds that CSX's motion for attorneys' fees and litigation expenses and CSX's bill of costs are stayed pending the final resolution of any appeal in this matter or other final resolution thereof. *See Reed v. Health and Human Services,* 774 F .2d 1270, 1277 (4th Cir.1985) (holding that a district court may defer ruling on a petition for attorneys' fees pending a final resolution of the merits).

III. *Conclusion*

For the reasons stated above, CSX's motion for attorneys' fees and litigation expenses (ECF No. 1566) and CSX's bill of costs (ECF No. 1565) are STAYED pending the resolution of any appeal in this matter or other resolution of this civil action. The parties are DIRECTED to notify this Court of the resolution of any appeal in this matter or any other resolution thereof. If no such appeal is filed within 30 days from the entry of this Court's order denying the defendants' motions for judgment as a matter of law or in the alternative for a new trial or the order granting CSX's motion to amend the judgment to reflect statutorily-mandated trebling of RICO damages, the parties shall advise this Court and this Court can then consider lifting the stay and deciding CSX's motion for attorneys' fees and litigation expenses and CSX's bill of costs.

**\*4** IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

**All Citations**

Not Reported in F.Supp.2d, 2013 WL 5375983

---