IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Kenny, et al., | ) | Civil Action No. 2:16-cv-2794-MBS |
| | ) | |
| | ) | |
| Plaintiffs, | ) | **OPINION AND ORDER** |
| v. | ) | |
| | ) | |
| Wilson, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on the motion to certify class pursuant to Federal Rule of Civil Procedure 23 ("Motion to Certify"), ECF No. 6, filed by Plaintiffs Niya Kenny; Taurean Nesmith; Girls Rock Charleston, Inc.; D.S., by and through her next of kin Juanita Ford; and S.P., by and through her next of kin Melissa Downs, on behalf of themselves and those similarly situated. Also before the court is the motion to supplement the motion to certify, ("Motion to Supplement"), ECF No. 187, filed by Plaintiffs Kenny, Nesmith, Girls Rock Charleston, Inc., D.S., S.P., and D.D., by and through his next of kin, Temika Hemmingway (collectively, "Plaintiffs"). Defendant Alan Wilson, in his official capacity as Attorney General of South Carolina, ("Defendant") opposes the Motion to Certify and Motion to Supplement.[1]

---

[1] Pursuant to a consent motion, the court stayed this action as to Defendants J. Alton Cannon, Jr., in his official capacity as the Sheriff of Charleston County, South Carolina, Luther T. Reynolds, in his official capacity as the Chief of the Charleston City Police Department, Reginald L. Burgess, in his official capacity as the Chief of the North Charleston City Police Department, Carl Ritchie, in his official capacity as the Chief of the Mt. Pleasant City Police Department, Leon Lott, in his official capacity as the Sheriff of Richland County, South Carolina, W.H. Holbrook, in his official capacity as the Chief of the Columbia City Police Department, Johnny Mack Brown, in his official capacity as the Interim Sheriff of Greenville County, South Carolina, Ken Miller, in his official capacity as the Chief of the Greenville City Police Department, Lance Crowe, in his official capacity as the Chief of the Travelers Rest City Police Department, M. Bryan Turner, in his official capacity as the Chief of the Mauldin City Police Department, Dan Reynolds, in his official capacity as the Chief of the Greer City Police Department, A. Keith

## BACKGROUND

Plaintiffs Kenny, Nesmith, D.S., S.P., and D.D. are or were enrolled in the South Carolina public school system. Plaintiff Girls Rock Charleston, Inc. ("Girls Rock") is a nonprofit organization "whose members are directly impacted by and face ongoing risk of arrest or referral under S.C. Code § 16-17-420."[2] ECF No. 157 at ¶ 10. Together, Plaintiffs asserted a challenge pursuant to 42 U.S.C. § 1983 that the Disturbing Schools Law, codified at S.C. Code Ann. § 16-17-420, is unconstitutional on its face and the Disorderly Conduct Law, codified at S.C. Code Ann. § 16-17-530, is unconstitutional as applied to children in public school grades K-12. Plaintiffs filed an amended complaint on May 16, 2019, at which time they sought: 1) a declaratory judgment stating that the Disturbing Schools and Disorderly Conduct Laws violate the Fourteenth Amendment; 2) a preliminary and permanent injunction enjoining Defendant from enforcing both statutes; and 3) an order enjoining Defendant from considering and/or retaining records of individuals prosecuted or charged under the Disturbing Schools and Disorderly Conduct Laws, "except as would be permissible following expungement . . . ." ECF No. 157 at 25-26.

The Disturbing Schools Law was amended on May 17, 2018. ECF No. 132-1. Plaintiffs concede that the amendments "address Plaintiffs' request that this Court enjoin enforcement of

---

Morton, in his official capacity as the Chief of the Fountain Inn City Police Department, and Michael D. Hanshaw, in his official capacity as the Chief of the Simpsonville City Police Department ("Law Enforcement Defendants"). ECF No. 131. Pursuant to the consent motion, the Law Enforcement Defendants withdrew any objection to the Motion to Certify. *See id.*

[2] Defendant refers to this organization as "Girls Rock," which was the name of the organization at the time of the filing of this suit. Since the filing of the suit, the organization changed its name to the Carolina Youth Action Project. ECF No. 133. The court will refer to the organization as "Girls Rock," as that is the name used in the complaint.

2

S.C. Code § 16-17-420 . . . and also resolve the [enforcement] claims of Niya Kenny and Taurean Nesmith . . .," but assert that "the legislative amendments did not address Plaintiffs' request for relief from the retention of records related to . . . the Disturbing Schools Law or Plaintiffs' claims related to the Disorderly Conduct statute." ECF No. 167 at 3.[3] On February 19, 2019, Plaintiffs moved to amend their complaint to add D.D., a current South Carolina public school student charged under the Former Disturbing Schools Law, as a class representative. Plaintiffs also maintained that D.S. is an adequate class representative. The court granted leave to amend, and Plaintiffs filed an amended complaint adding D.D. as a Plaintiff on May 16, 2019. ECF No. 157. The original complaint was otherwise unchanged.

This case was reassigned to the undersigned on April 6, 2018, following remand from the Fourth Circuit on the district court's order granting Defendant's motion to dismiss for lack of standing.[4] ECF No. 104. Defendant filed a renewed motion to dismiss in which he raised the following grounds for dismissal: the claims of Plaintiffs Kenny and Nesmith are resolved and moot and the two individuals lack standing; Plaintiff D.S.'s claims are moot because she is no longer in school and the charges against her are dismissed; Girls Rock lacks standing; the claims of Plaintiffs who have been convicted of or pleaded guilty to charges of violating the statutes are barred by the doctrine of res judicata, the *Rooker-Feldman* doctrine, and the Supreme Court's

---

[3] Plaintiffs Kenny and Nesmith sought injunctive relief from enforcement of the Disturbing Schools Law. ECF No. 167 at 2. The parties agree that Kenny and Nesmith's claims, as well as all other claims for injunctive relief as to future enforcement of the Disturbing Schools Law, are moot due to the modification of the Disturbing Schools Law. ECF No. 167 at 4. However, Plaintiffs still seek injunctive relief in the form of expungement of any portion of their criminal records referencing the old Disturbing Schools Law, which the court hereinafter refers to as the "Former Disturbing Schools Law."

[4] Defendant originally argued that Plaintiffs lacked Article III standing. ECF No. 28. On March 15, 2018, the Fourth Circuit vacated the decision of the district court, finding that Plaintiffs S.P., D.S., and Nesmith had shown they had standing, and remanded the case for further proceedings. ECF No. 102.

holding in *Heck v. Humphrey*, 512 U.S. 477 (1994)[5]; Plaintiffs' claims for prospective relief as to the Disturbing Schools Law must be dismissed; the Disturbing Schools and Disorderly Conduct Laws are constitutional; and the class action allegations should be stricken. ECF No. 165. Following briefing on the motion to dismiss, Defendant filed a supplemental memorandum arguing that the court is without authority to order expungement and additionally that the court cannot order expungement as a form of class relief. ECF No. 179. Plaintiffs filed a response, ECF No. 181, to which Defendant filed a reply, ECF No. 184.

The court denied the motion to dismiss in an order issued March 30, 2020. ECF No. 185. In relevant part, the court found that the class claims alleged here are transitory in nature and that D.S.'s claims are not moot.[6] The court found that neither res judicata, the *Rooker-Feldman* doctrine, nor *Heck* is implicated here because Plaintiffs' requested relief—enjoinment from future enforcement and to prevent Defendant from retaining or considering records created as a result of convictions under the Disturbing Schools and Disorderly Conduct Laws—concerns assessment of the constitutionality of those statutes and is different from challenging the actual validity of any sentence. As to the argument that the Disturbing Schools and Disorderly Conduct Laws are constitutional, the court found that undertaking a constitutional analysis at this juncture would amount to the court determining the final outcome of this case, which endeavor would stray well beyond the threshold analysis of a Rule 12(b)(6) review. The court declined to strike the class allegations finding that any such ruling was premature. Finally, the court found with respect to expungement that Plaintiffs seek expungement based on convictions stemming from

---

[5] *See Rooker v. Fidelity Trust*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).
[6] The court noted that even if D.S. could not remain a class representative, the action could nonetheless proceed with D.D. as a class representative because D.D. remains in the K-12 system.

4

laws they challenge as unconstitutional; therefore, the expungement sought in this case would result from proper arrests based on allegedly unconstitutional statutes, and such expungement fits within the parameters detailed in *Allen v. Webster*, 742 F.2d 153, 155 (4th Cir. 1984).  The court reserved Defendant's argument regarding the propriety of expungement as a form of class relief to be addressed during consideration of the Motion to Certify.

Plaintiffs filed the Motion to Supplement on May 11, 2020.  ECF No. 187.  Defendant filed a response in opposition, ECF No. 188, to which Plaintiffs filed a reply, ECF No. 189.  As of the date the Motion to Supplement was fully briefed, Plaintiffs D.S., S.P., and D.D. ("Named Plaintiffs") were seeking to certify under Federal Rule of Civil Procedure 23(b)(2) a plaintiff class "consisting of all elementary and secondary public school students in South Carolina [], each of whom faces a risk of arrest or juvenile referral under the broad and overly vague terms of the challenged statutes," ("Original Proposed Class").[7] [8]  ECF No. 6 at 7.  *See* ECF Nos. 157, 187 (adding D.D. as a class representative). On October 29, 2020, the court held a telephonic status conference to discuss with the Parties whether and how the legislative amendments to the Disturbing Schools Law effects membership in the class the Named Plaintiffs seek to certify.  ECF No. 195.  With the court's leave, Plaintiffs filed a supplement to the Motion to Certify and Motion to Supplement ("Supplemental Memorandum"), offering a revised definition of the proposed class.  ECF No. 198.

---

[7] Plaintiffs Kenny, Nesmith, and Girls Rock proceed in this lawsuit as individuals, outside of the proposed classes.

[8] The Named Plaintiffs originally sought certification of a defendant class, *see* ECF No. 6, which request they withdrew in the consent motion, ECF No. 131 at 3.

Plaintiffs propose through their Supplemental Memorandum to amend the class definition set forth above so as to obtain an injunction against enforcement of the Disorderly Conduct Law only, as follows:

> All elementary and secondary school students in South Carolina, each of whom faces a risk of risk of [sic] arrest or juvenile referral under the broad and overly vague terms of S.C. Code § 16-17-530 while attending school.

("Proposed Class").  ECF No. 198 at 3.

Plaintiffs additionally ask the court to certify two "injunctive relief sub-classes for purposes of obtaining an injunction against retention of records under both S.C. Code § 16-17-420 and S.C. Code § 16-17-530." ECF No. 198 at 3.  Plaintiffs propose to define the sub-classes as follows:

> All elementary and secondary school students in South Carolina for whom a record exists relating to being taken into custody, charges filed, adjudication, or disposition under S.C. Code § 16-17-530 ("Disorderly Conduct Law Sub-Class");

and

> All elementary and secondary school students in South Carolina for whom a record exists relating to being taken into custody, charges filed, adjudication, or disposition under S.C. Code § 16-17-420 prior to May 17, 2018 ("Former Disturbing Schools Law Sub-Class").

ECF No. 198 at 3-4.  Plaintiffs specify that the proposed sub-class definitions reflect that they "no longer challenge the constitutionality of S.C. Code § 16-17-420 as amended through Act 182, 2018 S.C. Acts, and that as to Section 16-17-420, they seek injunctive relief only as to retention of records created prior to the effective date of the Act as amended." *Id.*[9]

Defendant filed a Supplemental Response through which he reasserts his opposition to any class certification and argues that the revised proposed class definitions do "nothing to alleviate the

---

[9] The court understands however that for the purpose of obtaining the relief the Former Disturbing Schools Law Sub-Class seeks, Plaintiffs maintain the claim that the Former Disturbing Schools Law was unconstitutional.

6

fundamental problems [as] outlined in [the] earlier filings." ECF No. 199 at 1. Defendant also asks the court to defer a determination on class certification until such time as it has ruled on the constitutionality of the Disorderly Conduct Law and Former Disturbing Schools Law. *Id.* at 4-5. Plaintiffs filed a Supplemental Reply on December 7, 2020. ECF No. 200.

## DISCUSSION

The Named Plaintiffs move under Rule 23(b)(2) to certify the Proposed Class and proposed sub-classes. Rule 23(b)(2) provides that a class action may be maintained if Rule 23(a) is satisfied and if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). Rule 23(a) states that one or more members of a class may sue as representative parties on behalf of all members only if the following criteria are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). "[A] class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members," and Rule 23(a) "ensures that the named plaintiffs are appropriate representatives of the class whose claims they wish to litigate." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349 (2011) (citations omitted). The court begins its analysis with the Rule 23(a) requirements.

**A.     Federal Rule of Civil Procedure 23(a)**

1. <u>Numerosity</u>

The Named Plaintiffs assert that the Proposed Class and proposed sub-classes meet the numerosity requirement because 763,588 students were actively enrolled in South Carolina public

schools as of the beginning of the 2015-2016 school year, as reported by the South Carolina Department of Education, and that joinder of so many individuals would be impracticable.[10] ECF No. 6 at 9. The Named Plaintiffs further assert that while the precise number of enrolled students may fluctuate throughout a school year, the Proposed Class and proposed sub-classes are nonetheless sufficiently defined to meet the Rule's "implicit" requirement "that the members of a proposed class be 'readily identifiable.'" *Id.*

Defendant conceded that the Original Proposed Class satisfied the numerosity requirement, ECF No. 29 at 2, and does not appear to contest numerosity in the Supplemental Response, *see* ECF No. 199. The court agrees this element is met and turns next to the question of commonality.

2. Commonality

The commonality requirement asks whether there are questions of law or fact common to the class. Commonality requires the plaintiff to demonstrate that the class members "have suffered the same injury," which showing requires that the claims depend "upon a common contention." *Dukes*, 564 U.S. at 350 (citations omitted). The common contention "must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* ("What matters to class certification . . . [is] the capacity of a class-wide proceeding to generate common *answers* apt to drive the resolution of the litigation") (emphasis in original) (citation omitted).

The Named Plaintiffs assert they seek "to enjoin the operation of the [] Disorderly Conduct statute[] based on the single legal theory that the statute[] [is] unconstitutionally vague." ECF No. 6

---

[10] The Named Plaintiffs assert that the South Carolina Department of Education reports enrollment of 787,069 students for the 2019-2020 school year. ECF No. 187 at 2. Defendant does not dispute the enrollment number.

8

at 6.[11]  They contend that whether a law is vague is an objective inquiry and therefore the outcome of the claim "does not turn upon the subjective perceptions or personal experiences of the individual plaintiffs." *Id.* at 13.  The Named Plaintiffs also assert that in addition to raising a single legal theory, they raise a common set of facts that results in a common injury: "being subject to actual and threatened enforcement of an overly vague criminal statute commonly applied to penalize a broad range of normal adolescent conduct." *Id.*  The common injury borne by the Proposed Class, they contend, is "the lack of certainty as to how to regulate their behavior in order to avoid running afoul of the law and the risk of arrest or juvenile referral under the law[] in an arbitrary and discriminatory manner." *Id.*

Defendant contends the Named Plaintiffs fail to satisfy the commonality requirement "because they have not suffered the same alleged injury if any by the statutes."  ECF No. 29 at 3.  Defendant argues that "[n]one of the individual Plaintiffs have been charged under both statutes"; "[p]robably few of the class members have been charged under both laws"; "[n]ot all class members will have charges pending"; "[n]ot all will even have been charged ever under either statute nor will they be concerned that they might be charged in the future"; and "[s]ome Plaintiff class members would likely want the laws enforced against students who are disturbing their schools or engaging in disorderly conduct." *Id.* at 2-3.  In reply, the Named Plaintiffs assert that commonality "is not disturbed simply because Plaintiffs have had different past experiences"; that Plaintiffs "challenge [§ 16-17-530] based on risk of future harm . . ."; and that the "past experiences of individual students serve to illustrate the breadth of the challenged law['s] enforcement."  ECF No. 57 at 7.

---

[11] The court's alterations reflect Plaintiffs' revisions to the Proposed Class as set forth in the Supplemental Memorandum, in which Plaintiffs clarify that they seek to enjoin enforcement of the Disorderly Conduct Law and do not seek to enjoin enforcement of the Disturbing Schools Law as amended.  ECF No. 198 at 4.

In the Supplemental Response, Defendant asserts that the total number of students referred for violations "of one of the above statutes has dropped dramatically from approximately 3,000 students referred to the Department of Juvenile Justice in the 2015-2016 school year to 1,058 referred in the 2019-2020 school year with the latter number including an undetermined number of non-school related charges." ECF No. 199 at 2. Defendant further argues:

> [t]he disturbing the school charges dropped to just one person in 2019-2020 without a corresponding uptick in disorderly conduct changes. Therefore, data shows that roughly only 1/750 are referred annually now which is .13% or less than 1/7 of 1% or about 1.5 students out of every thousand. Furthermore, these calculations include [Department of Juvenile Justice] referrals for charges that are not school related which makes these numbers higher than they would be for just school misconduct.

*Id.* In other words, Defendant contends, the statutes create a "microscopic impact" on the student population, and the "tiny proportion of students referred under the disorderly conduct statute shows that Plaintiffs fail to meet commonality and typicality requirements." *Id.* at 2, 3.

With respect to Defendant's arguments regarding a lack of common alleged injury, the court agrees with the Named Plaintiffs that any variance in "the details of the specific incidents precipitating charges for disturbing schools or disorderly conduct," does not defeat a finding of commonalty, "as those details are not necessary" for adjudicating the vagueness claim. ECF No. 6 at 14. That the potential for injury or precise nature of how the injury will impact an individual student may vary according to circumstance, including how law enforcement chooses to exercise its discretion in charging students, does not preclude a finding of commonality. Additionally, the court is not persuaded that the reduction in cases of students charged under the Disorderly Conduct Law is a satisfactory reason to forgo resolution of the Named Plaintiffs' request for certification. As Plaintiffs note in their Supplemental Reply, Rule 23(c)(1)(A) counsels the court to determine a motion to certify class "[a]t an early practicable time." And, as the Named Plaintiffs explain, because every student enrolled in public school in South Carolina is subject to the Disorderly

10

Conduct Law, each one of those students is at risk of the same future injury if the statute is in fact unconstitutionally vague. *See* ECF No. 57 at 7. The fact that law enforcement may render charges against students under the Disorderly Conduct Law only infrequently does not diminish the potential injury to which each student is exposed should it be determined that the statute is unconstitutional. Furthermore, Plaintiffs here seek only injunctive and declaratory relief, which courts generally recognize as the type of redress that by its very nature presents common questions of law and fact. *See, e.g., Scott v. Clarke*, 61 F. Supp. 3d 569, 585 (W.D. Va. 2014) (citation omitted). The court is satisfied that the Named Plaintiffs have sufficiently demonstrated commonality and turns next to the question of typicality.

    3. <u>Typicality</u>

Typicality requires that "a class representative [] be part of the class and possess the same interest and suffer the same injury as the class members." *Lienhart v. Dryvit Sys., Inc.*, 255 F.3d 138, 146 (4th Cir. 2001). "The typicality requirement is met if a plaintiff's claim arises from the same event or course of conduct that gives rise to the claims of other class members and is based on the same legal theory." *Moodie v. Kiawah Island Inn Co., LLC*, 309 F.R.D. 370, 378 (D.S.C. 2015) (citation omitted). The commonality and typicality requirements of Rule 23(a) "tend to merge." *Dukes*, 564 U.S. at 349 n.5 (explaining that "[b]oth serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence"). "The essence of the typicality requirement is captured by the notion that 'as goes the claim of the named plaintiff, so go the claims of the class.'" *Deiter v. Microsoft Corp.*, 436 F.3d 461, 466 (4th Cir. 2006) (quoting *Broussard v. Meineke Discount Muffler Shops, Inc.,* 155 F.3d 331, 340 (4th Cir. 1998)). The "representative

party may proceed to represent the class only if the plaintiff establishes that his claims or defenses are 'typical of the claims or defenses of the class." *Id.* at 467 (quoting Fed. R. Civ. P. 23(a)).

The Named Plaintiffs assert that the typicality requirement is met because "the claims of the individual Plaintiffs and the absent class members arise from the same course of conduct—enforcement of the [] Disorderly Conduct statute[] against students—and rest on the identical legal theory—the claim that the statute is unconstitutionally vague." ECF No. 6 at 16. They further assert that the relief sought is "strictly injunctive in nature and does not depend upon adjudication of individual facts, or of individual damages." *Id.* at 17.

Defendant argues that the Named Plaintiffs fail to satisfy the typicality requirement "because they lack standing and are subject to abstention." ECF No. 29 at 3. The court addressed these contentions when it denied Defendant's motion to dismiss and finds the arguments similarly unpersuasive for the purpose of adjudicating the Motion to Certify. Defendant additionally reasserts the argument, raised in opposition to a finding of commonality, that "some members of the class would undoubtedly have criminal charges pending against them, a preliminary injunction would throw their cases into confusion possibly delaying favorable resolution for them," and "[m]any may prefer that the laws be enforced." *Id.* In reply, the Named Plaintiffs assert that "'[t]ypicalness' is not a subjective test," and a court is not authorized "to dismiss a class action based on a substantial legal claim where [it] thinks some members of the class may prefer to leave the violation of their rights unremedied." ECF No. 57 at 8 (quoting *Glover v. Johnson*, 85 F.R.D. 1, 5 (E.D. Mich. 1977) (quoting 3B Moore's Federal Practice § 23.06-2, p. 23–327 (2d ed. 1980)). Finally, Defendant asserts in his Supplemental Response, as he did with respect to commonality, that the "tiny proportion" of students charged under the Disorderly Conduct Law defeats a showing of typicality. ECF No. 199 at 3.

"A statute is unconstitutionally vague under the Due Process Clause if it 'fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement." *Martin v. Lloyd*, 700 F.3d 132, 135 (4th Cir. 2012) (citations omitted). *Papachristou v. City of Jacksonville*, 405 U.S. 156, 162 (1972). The court agrees with the Named Plaintiffs that the determination of whether a law is vague "does not turn upon the subjective perceptions or personal experiences of the individual plaintiffs." ECF No. 57 at 9. As discussed by the Named Plaintiffs and addressed above, the one legal theory at issue in this case is whether the statutes are unconstitutionally vague, and the court will undertake one analysis to adjudicate the claims associated with this theory. *See City of Ann Arbor Emps.' Ret. Sys. v. Sonoco Products Co.*, 270 F.R.D. 247, 251-52 (D.S.C. 2010) (finding typicality satisfied where the "information that the [named] plaintiff assert[ed] [was] materially false and misleading [was] the same information that would be used by other class members to prove their case"). The court perceives no variation between the objective motivating the Named Plaintiffs and the objective motivating the Proposed Class and proposed sub-classes. *See Broussard*, 155 F.3d at 340 ("[t]he typicality and commonality requirements of the Federal Rules ensure that only those plaintiffs or defendants who can advance the same factual and legal arguments may be grouped together as a class"). Accordingly, the typicality requirement is met.

    4.  <u>Adequate Representation</u>

The final requirement under Rule 23(a) asks whether the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(4). The requirement is "a two-pronged inquiry, requiring evaluation of: (1) whether class counsel are qualified, experienced, and generally able to conduct the proposed litigation; and (2) whether Plaintiffs' claims are sufficiently interrelated with and not antagonistic to the class claims as to ensure fair and adequate

representation." *Moodie*, 309 F.R.D. at 378 (quoting *Lott v. Westinghouse Savannah River Co.*, 200 F.R.D. 539, 561 (D.S.C. 2000)). The Named Plaintiffs assert that the American Civil Liberties Union ("ACLU"), the organization that represents them, "is the nation's preeminent legal organization litigating in the constitutional and civil rights arena," "its attorneys have litigated and won countless cases brought under Section 1983," and, class counsel in this case, "are a team of experienced civil rights litigators with decades of experience among them," and with "considerable expertise in prosecuting class actions." ECF No. 6 at 19. The Named Plaintiffs further assert that "because the individual Named Plaintiffs' claims are identical to those of the Plaintiff class, there are no conflicts of interest between named parties and the class they seek to represent"; indeed, "all would benefit from an injunction against the operation of an unconstitutionally vague statute." *Id.* In opposition to the Named Plaintiffs' assertions, Defendant relies on his arguments as to why the typicality requirement has not been met. *See* ECF No. 29 at 3-4 ("the disparity in the status of the individual Plaintiffs and the class members prevents them from 'adequately protect[ing] the interests of the class'").

Defendant does not challenge the qualifications of Plaintiffs' counsel and the court has no reservations that counsel of record will ably and vigorously prosecute this action on behalf of the classes. As to the second prong, the court considers in particular whether the Named Plaintiffs' claims and the claims of the Proposed Class and proposed sub-classes are "so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Moodie*, 309 F.R.D. at 379 (quoting *Gunnells v. Healthplan Servs., Inc.*, 348 F.3d 417, 459 (4th Cir. 2003)). The court finds no apparent conflicts of interest between the Named Plaintiffs and the members of the Proposed Class and proposed sub-classes and therefore concludes that the Named Plaintiffs can adequately represent the Proposed Class and sub-classes. The court additionally finds that Plaintiffs'

14

counsel of record satisfies the criteria set forth in Rule 23(g) and accordingly appoints them as class counsel.

**B.     Federal Rule of Civil Procedure 23(b)(2)**

In addition to satisfying the Rule 23(a) requirements, the Named Plaintiffs must demonstrate that the action can be maintained under Rule 23(b)(2). *See, e.g., Deiter*, 436 F.3d at 466. Rule 23(b)(2) certification is reserved for cases where broad, class-wide injunctive or declaratory relief is necessary to redress a group-wide injury. *Dukes*, 564 U.S. at 360 ("Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class"). "The twin requirements of Rule 23(b)(2)—that the defendant acted on grounds applicable to the class and that the plaintiff seeks predominantly injunctive or declaratory relief—make that Rule particularly suited for class actions alleging racial discrimination and seeking a court order putting an end to that discrimination." *Thorn v. Jefferson-Pilot Life Ins. Co.*, 445 F.3d 311, 329-30 (4th Cir. 2006) (citing *Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 614 (1997) ("Civil rights cases against parties charged with unlawful, class-based discrimination are prime examples [in which class certification is proper under Rule 23(b)(2)]").

The Named Plaintiffs assert that Rule 23(b)(2) certification is appropriate because "the entire class of public elementary and secondary students is subject to and at risk of enforcement under the vague . . . Disorderly Conduct law[]," Defendant's "actions in enforcing th[at] law[] are applicable to the class as a whole," and the declaratory and injunctive relief sought "would clearly benefit all members of the class by eliminating the uncertainty as to what conduct is permitted and the risk of being charged under a vague law." ECF No. 6 at 20. Defendant argues that certification is not appropriate because "not all Plaintiff class members would benefit from an injunction [because] some have never been charged, do not anticipate being charged and/or may want existing

laws enforced against those students who are violating the disturbing the school and disorderly conduct statutes." ECF No. 29 at 4.

If the Disorderly Conduct Law is indeed unconstitutionally vague, it poses a risk of injury to each member of the Proposed Class, regardless of how many members have previously been charged under the statute and any member's personal opinion of the statute, and this lawsuit seeks relief that would offer redress to and benefit the entire Proposed Class. The court is satisfied that certification of the Class is appropriate and in so finding declines to forgo a ruling on certification pending a determination on the constitutionality of the Disorderly Conduct Law and Former Disturbing Schools Law.

The court turns next to the proposed sub-classes and question of expungement of records as a form of class relief.

C.    **Expungement of Records**

As an initial matter, the court finds that its analysis of the Rule 23(a) factors and of Rule 23(b)(2) as discussed above pertains equally to the proposed sub-classes, and notes that Defendant does not raise specific challenges to the contrary in his Supplemental Response. Therefore, the court will turn to Defendant's one remaining argument, raised in opposition to the Original Proposed Class, that the court cannot award the requested relief of record expungement.

As a remedy for what they contend are unconstitutionally vague statutes, Plaintiffs request injunctive relief in the form of "enjoining Defendants from considering any Plaintiffs' records relating to being taken into custody, charges filed, adjudication or disposition under S.C. Code § 16-17-420 or S.C. Code § 16-17-530 and from retaining such records except as would be permissible following expungement under S.C. Code § 17-1-40," and "enjoining Defendants from considering any Plaintiffs' records related to arrest, booking records, associated bench warrants, mug shots,

fingerprints, charges filed, proceedings, or sentencing under S.C. Code § 16-17-420 or S.C. Code § 16-17-530, and from retaining such records except as would be permissible following expungement under S.C. Code § 17-1-40." ECF No. 157 at 26. In other words, should the court determine that the Disorderly Conduct Law and Former Disturbing Schools Law are unconstitutionally vague, Plaintiffs ask that the court enjoin Defendant from using against members of the sub-classes any records generated pursuant to the prosecution of these statutes. The Parties refer to this requested relief as "expungement," and for ease of discussion the court will as well.

Defendant argues that such relief is not available, regardless of how the court resolves Plaintiffs' claims, because the expungement of records in South Carolina is available only on an individual basis for those who apply according to and satisfy the statutory requirements. ECF No. 179. Defendant further argues that under Fourth Circuit law, expungement is a remedy to be used in "extreme circumstances" only, and that a collateral civil proceeding, such as the instant action, is not an appropriate forum for ordering expungement of records generated as a result of criminal cases over which this court did not preside. *Id.*

Plaintiffs respond that the court has "broad equitable authority to fashion an appropriate remedy," should it agree that the statutes are unconstitutionally vague, and that expungement is both necessary and appropriate because, absent such relief, "a record under the challenged statutes could still be relied upon to the detriment of the youth in the criminal and juvenile justice systems and could impact them in their educational placements, when applying to college, seeking employment, or in other circumstances." ECF No. 181 at 2. Plaintiffs further respond that Defendant's reliance on the state's statutory scheme for expungement is misplaced because the court's "authority to fashion a constitutional remedy is not defined or limited by State statutory law." *Id.* at 3 (citations omitted).

The action before the court sounds in federal law because it challenges the constitutionality of state statutes as a violation of the Due Process Clause as applied to the state through the Fourteenth Amendment. "[O]nce a plaintiff has established the violation of a constitutional or statutory right in the civil rights area, . . . court[s] ha[ve] broad and flexible equitable powers to fashion a remedy that will fully correct past wrongs." *North Carolina State Conference of NAACP v. McCrory*, 831 F.3d 204, 239-40 (4th Cir. 2016) (commenting that "the remedy for an unconstitutional law must completely cure the harm wrought by the prior law") (citations omitted). South Carolina's statutory scheme for seeking expungement of records notwithstanding, the court is satisfied at this juncture that it has the authority and discretion to issue the relief Plaintiffs seek. *See, e.g., Franklin v. Gwinnett County Public Schools*, 503 U.S. 60, 69 (1992) (reaffirming that "if a right of action exists to enforce a federal right and Congress is silent on the question of remedies, a federal court may order any appropriate relief") (citations omitted); *Doe v. Alger*, No. 5:15-cv-00035, 2017 WL 1483577, at *5 (W.D. Va. Apr. 25, 2017) (relying on its broad equitable power to order expungement even where expungement was otherwise prohibited by state law).[12] The court is further satisfied at this time that expungement is an appropriate remedy to the alleged constitutional violations. As the court noted in its order denying Defendant's motion to dismiss, while expungement should be reserved for the unusual or extreme case, it may very well be appropriate where the arrest was proper but was based on a statute later declared unconstitutional. ECF No. 185 at 7 (citing *Allen*, 742 F.2d at 155). Finally, with respect to Defendant's contention that expungement as a class-wide remedy is not appropriate and/or without precedent, *see* ECF No. 184,

---

[12] The court agrees with Plaintiffs that the nature of the expungement requested here is distinguishable from the expungement that was denied in *United States v. Mettetal*, 714 Fed. Appx. 230 (4th Cir. 2017) (affirming denial of petition to expunge criminal records after arrest and conviction were set aside due to Fourth Amendment violations). *See* ECF No. 181 at 6-7.

the court finds the argument reminiscent of Defendant's challenge as to whether the Rule 23(a) requirements of commonality and typicality are met. In any event and as discussed herein, the injunctive relief Plaintiffs seek is appropriate respecting the sub-classes pursuant to Fed. R. Civ. P. 23(b)(2).[13] Defendant's arguments to the contrary are not persuasive. Accordingly, the court will certify the Former Disturbing Schools Law Sub-Class and the Disorderly Conduct Law Sub-Class.

**IT IS HEREBY ORDERED** that the Motion to Certify, ECF No. 6, and Motion to Supplement, ECF No. 187, are **GRANTED**; it is further

**ORDERED** that the court certifies the Class and Sub-Classes as defined in the Supplemental Memorandum, ECF No. 198, pursuant to Federal Rule of Civil Procedure 23(b)(2); it is further

**ORDERED** that Plaintiffs' counsel of record is appointed class counsel pursuant to Federal Rule of Civil Procedure 23(g); it is further

**ORDERED** that within fourteen days of the date this order is entered, counsel shall file a joint status report with the court stating their respective positions as to whether the court should issue a class notice and, if appropriate, setting forth the proposed language of such notice; it is further

**ORDERED** that within fourteen days of the date this order is entered, counsel shall file a joint proposed amended scheduling order.

**IT IS SO ORDERED.**

/s/Margaret B. Seymour
Margaret B. Seymour
Senior United Sates District Judge

Dated: February 23, 2021
Charleston, South Carolina

---

[13] And the award of such relief to a class of individuals is not without precedent. *See, e.g., Wheeler v. Goodman*, 306 F. Supp. 58 (W.D.N.C. 1969) (ordering expungement of records for a class of youthful plaintiffs), *vacated on other grounds*, 401 U.S. 987 (1971).

19